THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 2:04-cr-00026-MR-2

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| KEVIN PATRICK LYONS, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon the Defendant's letter, which the Court construes as a Motion for Early Termination of Supervised Release [Doc. 93].

In June 2004, the Defendant pled guilty pursuant to a written plea agreement to one count of conspiracy to possess with the intent to distribute methamphetamine and marijuana, in violation of 21 U.S.C. §§ 841 and 846. [Docs. 25, 44]. He was sentenced on December 9, 2004, to a term of 262 months' imprisonment, to be followed by five years of supervised release. [Doc. 70]. On January 21, 2016, the Court reduced the Defendant's sentence to a term of 210 months' imprisonment pursuant to 18 U.S.C. §

3582(c)(2) and Amendment 782 to the U.S. Sentencing Guidelines. [Doc. 92]. His term of supervised release remained the same. [Id.].

The Defendant was released from custody on June 18, 2019, and began his term of supervised release.[1] The Defendant now moves for the early termination of his term of supervised release. [Doc. 93].

In order to terminate a defendant's term of supervised release, the Court must be "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Here, the Defendant's supervising probation officer has advised the Court that the Defendant recently tested positive for methamphetamines. As such, the Court is not satisfied that termination is warranted under the circumstances at this time. Accordingly, in the exercise of its discretion, the Court declines to terminate the Defendant's term of supervised release.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a Motion for Early Termination of Supervised Release [Doc. 93] is **DENIED**. The Defendant's term of supervised release shall continue as originally sentenced.

---

[1] See https://www.bop.gov/inmateloc/ (last accessed Oct. 5, 2022),

The Clerk is directed to serve a copy of this Order on the Defendant, counsel for the Government, and the United States Probation Office.

**IT IS SO ORDERED.**

Signed: October 27, 2022

Martin Reidinger
Chief United States District Judge